**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFRED KARCHER, INC., | CASE NO. CV-F-05-00103 OWW LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE (Doc. 52)** |
| vs. | |
| JONATHAN P. WALLERS, et al., | |
| Defendants. | |

By notice filed on May 24, 2005 and errata filed July 1, 2005, Defendant Erasmo Martinez moves to transfer the action to the Central District, Riverside Division, pursuant to 28 U.S.C. §1406(a) or in the alternative, to transfer for the convenience of parties and witnesses.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit emanates from the theft of approximately 1,650 Karcher K 2400 HH model pressure power washers (the "Karcher Power Washers") and other model washers which Plaintiff Alfred Karcher, Inc. ("AKI") owns, sells and distributes. The washers are manufactured through an affiliate, American Kleaner Mfg., Co. ("AKM"). Between November 2003 and July 2004, the Karcher Power Washers were stolen from AKM's facility in Rancho Cucamonga, California.

---

[1] The moving party in the motion is stated to be Eduardo Martinez, in both the notice of motion and points and authorities. Another Defendant, Erasmo Martinez, purportedly is the nephew of Eduardo Martinez. Defendant filed an Errata clarifying that the moving party is Erasmo Martinez. The opposition does not object to the notice or Errata.

Plaintiff alleges that Erasmo Martinez ("Martinez") stole the power washers, and other equipment from AKI. Another defendant, John Evanski obtained the equipment from Martinez. Evanski in turn delivered the equipment to defendant Jonathan Wallers who listed them on Ebay for purchase.

Plaintiff alleges conversion (First Claim), State Statutory recovery of personal property (Second Claim), Interference with Contractual and Prospective Economic Advantage (Third Claim), Federal Unfair Competition (Lanham Act) and State Unfair Competition (Fourth Claim) (trademark, tradedress), Violation of the Lanham Act (Fifth Claim), Violation of State Unfair Competition (Sixth Claim), Injunctive Relief (Seventh Claim). (Doc. 18, First Amended complaint.) Jurisdiction is alleged to be based on diversity, although a federal claim is alleged.[2]

Plaintiff alleges venue in this District is proper because:

> "at least one of the defendants resides in this District and the corporate defendant's principal office is in this District. Moreover a substantial part of the events or omissions giving rise to the claims stated in the Complaint occurred in the District and Defendants conduct business in this District." (First Amended Complaint ¶ 7.)

## ANALYSIS & DISCUSSION

Once federal jurisdiction is established, venue rules ensure the matter will be tried in the proper federal district. A civil action which is based upon diversity of citizenship, as here, must be brought: (1) in a judicial district in which any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the action occurred; or (3) a judicial district in which any defendant was subject to personal jurisdiction at the time the action began, if there is no other district in which the action may be brought. *See* 28 U.S.C. §1391(a).

**Proper Venue**

Defendant Martinez initially argues that venue in this district is improper, pursuant to section 1406(a).

---

[2] For purposes of this motion, the presence of the federal claim does not alter the venue analysis because venue for the federal question in this case, like diversity, is based on defendant's residence or location of events.

2

If a plaintiff commences the action in the wrong district, the court will upon motion, dismiss the action for improper venue or "if it be in the interest of justice" transfer the case to any district were it could have been brought. 28 U.S.C. §1406(a).

The original complaint was filed on January 25, 2005 and named a single defendant, Jonathan P. Wallers, who is alleged to reside in this District. Thus, venue for the original complaint was proper in Fresno.

On February 16, 2005, plaintiff filed a first amended complaint which added defendants Gilbert Fernandez, John Evanski, John Evanski, Inc., dba Western Mfg. Corp, Erasmo Martinez and Eduardo Martinez. Of these defendants, defendants Fernandez, Evanski, and Western Mfg. are alleged to reside in this District. In addition to the residency of the defendants, the alleged wrongful acts occurred in part in this District. Thus, venue in this district is proper because "any" of the defendants reside in this District and the events giving rise to the action occurred here. Therefore, the action is not subject to transfer pursuant to 28 U.S.C. §1406(a).

**Transfer for Convenience**

Martinez argues that the Court should exercise its discretion and for the convenience of all, transfer venue to the Central District.

Change of venue is authorized under 28 U.S.C. § 1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The moving defendant bears the burden on showing that the transfer is warranted. *Commodity Futures Trading Comm'm v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The moving party must show that at the time of filing the original complaint the transferee district would have had subject matter jurisdiction and venue would have been proper. *Hoffman v. Blaski*, 363 U.S. 335, 342-343 (1960). Section 1404(a) requires that the transferee court be one in which the action "might have been brought." As interpreted in *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), this requirement remains a barrier to transfer at the defendant's instance, over the plaintiff's objection, if at the time suit was originally brought the transferee district would have

lacked jurisdiction over the defendant or if venue there would have been improper.[3]

Courts generally will not order a transfer unless the "convenience" and "interest of justice" considerations strongly favor venue elsewhere. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). The party seeking a transfer has the burden to show that convenience of parties and witnesses and interest of justice require transfer to another district. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979); *Los Angeles Memorial Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 499 (C.D. Cal. 1981). The party seeking transfer has the burden to show that trial in the district where the action is pending will result in a clear balance of inconveniences to him/her. *Harris Trust & Sav. Bank v. SLT Warehouse*, 605 F. Supp. 225, 227 (N.D. Il. 1985). Although a plaintiff's choice of forum is generally given great deference, if the plaintiff is a non-resident, ". . .the rule is substantially attenuated. . .." *New Image v. The Travelers Indemnity Co.*, 536 F.Supp. 58 (E.D. Pa. 1981).

For transfer of venue, factors for court consideration include convenience of witnesses and parties, judicial economy, relative ease of access to proof, availability of compulsory process, and possibility of view of premises. *Piper Aircraft Co. v.* Reyno, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 258, n. 6 (1981); *E & J Gallo Winery v. F. & P. S. p. A.,* 899 F.Supp. 465, 466 (E.D. Cal. 1994). The convenience and interest of justice factors are addressed to the Court's inherent discretion and interpreted broadly to allow the Court to consider the particulars of each case. *Lopez Perez v. Hufstedler*, 505 F.Supp. 39, 41 (D. D.C. 1980). Transfer rulings under 28 U.S.C. § 1404(a) generally turn on practical considerations, including judicial economy (whether transfer will avoid duplicative litigation, effect judicial economy and prevent waste of time and money). *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Here, the convenience of the parties does not warrant transfer. Four of the other defendants reside in this District. Gilbert Fernandez, John Evanski, and John Evasnki, Inc., dba Western Mfg. Corp. are alleged to reside in this District. These three defendants have joined in plaintiff's

---

[3] Plaintiff argues that the action "could not have been brought" in the Central District, because the original named a Fresno resident as the sole defendant. Plaintiff did not cite to cases which address the same procedural history as in this case, where plaintiff amended to add new defendants residing in a different district. The Court, however, need not address this issue because it is unnecessary to the resolution of this motion.

opposition to the motion to transfer. The another individual defendant, Jonathan Wallers, also is alleged to reside in this district. While Martinez argues that he is a "man of little means," plaintiff has presented evidence that the other individual defendants are also wage earners who would be endure hardship should the action be transferred. Thus, the transfer to the Central District, Riverside Division would not be convenient for the remaining defendants.

In addition, defendant Martinez has not carried his burden that the convenience of the witnesses warrants transfer to the Central District. Martinez identifies character witnesses and one potential fact witness who will testify. On the other hand, Plaintiff identifies that fact witnesses are located in Fresno. Thus, the Fresno witnesses would be inconvenienced should the action be transferred. The balance of inconvenience does not tip in defendant Martinez's favor. *Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc.*, 605 F.Supp. 225, 227 (N.D. Ill. 1985) (the party seeking transfer has the burden of demonstrating that trial in the district where the action is pending will result in a clear balance of inconvenience to him.)

As plaintiff has argued, the transfer of venue to the Central District is for the benefit of defendant Martinez.

## CONCLUSION

For the foregoing reasons, defendant Erasmo Martinez's motion to transfer venue is DENIED.

**IT IS SO ORDERED.**

**Dated:  July 13, 2005**            /s/ Lawrence J. O'Neill
**b9ed48**                            **UNITED STATES MAGISTRATE JUDGE**